UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SCHWETTMANN III, | No. 2:23-cv-02442 DJC AC PS |
| Plaintiff, | |
| v. | ORDER and |
| BROOK STARNS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A.   Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

      B.  The Complaint

Plaintiff, who resides in Sacramento, California, sues several of his co-workers who also reside in California, as well as a relative who lives in Ohio. ECF No. 1. Plaintiff brings four causes of action: (1) state and federal stalking laws, (2) intentional infliction of emotional distress, (3) invasion of privacy by intrusion, and (4) state and federal civil rights violations. Id. Plaintiff's complaint is drafted in a narrative format, describing incidents beginning in 2013

1  "immediately follow[ing] forced psychological treatment[.]" Id. at 3.  Plaintiff alleges he began
2  to be stalked in 2012 and his family started lobbying him to see a psychologist and claimed he
3  had mental disorders.  Id. at 5.  Plaintiff ultimately agreed to see a psychologist and was
4  prescribed Risperidone, but the medication made him sick.  Id.  Plaintiff later attempted to join
5  the Marines but was unable to pass the urine test.  Id. at 7.  Later in 2013 plaintiff began to have
6  medical problems related to a pulsing in his abdomen.  Id.  Plaintiff continued to seek medical
7  help but was abused and considered mentally ill.  Id. at 10.  He left Cincinnati and traveled
8  around the country, ultimately coming to Sacramento in 2023.  Id. at 10.  Plaintiff alleges that in
9  2022, he began working at Taco Bell, but his coworkers began threatening and harassing him.  Id.
10 at 13.  Plaintiff began suffering increased medical problems.  Id. at 14-18.

　　　C.  Analysis

　　　This complaint must be dismissed because there is no basis for federal jurisdiction. "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

　　　The complaint does not establish either diversity jurisdiction or federal question jurisdiction.  ECF No. 1.  To establish diversity jurisdiction, there must be "complete diversity between all plaintiffs and all defendants."  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). There is not complete diversity here because plaintiff is a citizen of California and several of the defendants are also citizens of California.  Thus, federal jurisdiction cannot be based on diversity.

　　　Nor is there a basis for federal question jurisdiction.  A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction

3

Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

In this case, plaintiff attempts to invoke federal question jurisdiction, but the contents of his complaint make it clear that there is no federal cause of action. As to plaintiff's first cause of action, violation of "state and federal stalking laws," plaintiff references only a section of the Washington State criminal code, RCW 9A.46.110. ECF No. 1 at 18. A citizen does not have authority to bring criminal charges, either under state or federal law. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, to the extent plaintiff attempts to sue defendants for violating state or federal criminal law, he does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

Second, to with respect to his second and third causes of action that arise under state law (intentional infliction of emotional distress and invasion of privacy), the court lacks a basis for supplemental jurisdiction over these state law claims without a properly-pleaded federal cause of action. See 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction...."). Though plaintiff does not identify specific laws attached to these claims, their contents clearly reflect state law causes of action and they provide no basis for federal jurisdiction.

Finally, to the extent plaintiff seeks to establish jurisdiction based on "federal civil rights violations," the facts alleged make it clear that plaintiff cannot bring a federal civil rights claim. When explaining the basis for his civil rights claims, plaintiff references only criminal law, which as explained above, provides no basis for relief. To the extent plaintiff intends to allege claims under 42 U.S.C. Section 1983, he cannot do so because this statute only "creates a cause of action

against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). "In order to allege a claim upon which relief may be granted under § 1983, a plaintiff must show that he or she has been deprived of a 'right secured by the Constitution and ... law of the United States' and that the deprivation was 'under color' of state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)). "Action under color of state law normally consists of action taken by a public agency or officer." Taylor v. First Wyo. Bank, N.A., 707 F.2d 388, 389 (9th Cir. 1983). There is no cause of action under § 1983 for claims against private parties where no government involvement is alleged. See Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir.), cert. denied, 540 U.S. 948 (2003) (§ 1983 "shields citizens from unlawful government actions, but does not affect conduct by private entities."). Here, plaintiff does not allege any government action, only actions by private persons taken in their personal, private capacities. On these facts there can be no claim under § 1983.

Because plaintiff does not allege any basis for federal question jurisdiction or diversity jurisdiction, this case must be dismissed with prejudice.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case because the facts and putative causes of action presented make it clear that there is no basis for federal jurisdiction. Because amendment would be futile, it is recommended that this case be dismissed without leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## III. Pro Se Plaintiff's Summary

Your motion to proceed without paying the filing fee is granted, and you are not required to pay the filing fee. However, it is recommended that your case be dismissed because this court does not have jurisdiction. Without federal jurisdiction, the court cannot hear your case. You have 21 days to object to this recommendation.

5

### IV.  Conclusion

IT IS HEREBY ORDERED that Plaintiff's request to proceed in forma pauperis (ECF No. 3) is GRANTED.

Additionally, the undersigned recommends that the complaint (ECF No. 1) be DISMISSED with prejudice because there is no basis for federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 29, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE